SEYFARTH SHAW LLP
Thomas R. Kaufman (SBN 177936)
Lorraine H. O'Hara (SBN 170153)
Mariana Aguilar (SBN 208726)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
KAISER FOUNDATION HOSPITALS and
KAISER FOUNDATION HEALTH PLAN, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE SMITH, an individual, TIM DODSON, an individual, on behalf of themselves, and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KAISER FOUNDATION HOSPITALS, INC., also d/b/a KAISER PERMANENTE INFORMATION TECHNOLOGY, a California Corporation; and KAISER FOUNDATION HEALTH PLAN, INC., a California corporation, and Does 1 to 10, <br><br> Defendants. | Case No. 08 CV 2353 LAB JMA <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** |

Defendants Kaiser Foundation Hospitals (erroneously sued as Kaiser Foundation Hospitals, Inc.) and Kaiser Foundation Health Plan, Inc. (collectively "defendants"), for themselves and for no other defendant, answer plaintiff Yvette Smith's and Tim Dodson's ("plaintiffs") First Amended Class and Collective Action Complaint ("Complaint") as follows:

LA1 6766602.1

1      1.      Answering paragraph 1, defendants admit that Kaiser Foundation

2   Healthplan, Inc. is a large not-for-profit HMO, based in Oakland, with millions of

3   members and operating in multiple states.  Defendants deny plaintiffs' remaining

4   allegations.

5      2.      Answering paragraph 2, defendants deny plaintiffs' allegations.

6      3.      Answering paragraph 3, defendants deny plaintiffs' allegations.

7      4.      Answering paragraph 4, defendants deny plaintiffs' allegations.

8      5.      Answering paragraph 5, defendants admit that Epic Systems Corp.

9   provided the computer software that supports Kaiser Permanente HealthConnect,

10   an integrated clinical and administrative information management system.

11   Defendants deny plaintiffs' remaining allegations.

12      6.      Answering paragraph 6, defendants deny plaintiffs' allegation that

13   plaintiff Smith was employed by Kaiser Foundation Hospitals, Inc.  Defendants

14   admit that plaintiff Smith has been employed by Kaiser Foundation Health Plan,

15   Inc. from October 2005 up to and including the present.

16      7.      Answering paragraph 7, defendants deny plaintiffs' allegations other

17   than to the extent the paragraph states legal conclusions (which defendants are not

18   required to admit or deny).

19      8.      Answering paragraph 8, defendants deny plaintiffs' allegations other

20   than to the extent the paragraph states legal conclusions (which defendants are not

21   required to admit or deny).

22      9.      Answering paragraph 9, defendants admit that the Business

23   Application Coordinator ("BAC") position was a full time exempt position and that

24   the Senior Business Application Coordinator ("SBAC") position is a full time

25   exempt position.  Defendants lack sufficient information to admit or deny

26   plaintiffs' remaining allegations and, accordingly, defendants deny all the

27

28                                    -2-

LA1 6766602.1

remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

10.   Answering paragraph 10, defendants admit plaintiffs' allegations.

11.   Answering paragraph 11, defendants admit that the SBAC position involved Kaiser Permanente HealthConnect.  Defendants lack sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, defendants deny all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).  Moreover, defendants object to these allegations as overbroad and not necessarily true with respect to all SBACs.

12.   Answering paragraph 12, defendants deny that plaintiffs "were often unable to take meal or rest breaks" and that they "were forced" to deliver [] training sessions during their meal periods."  Defendants lack sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, defendants deny all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).  Moreover, defendants object to these allegations as overbroad and not necessarily true with respect to all SBACs.

13.   Answering paragraph 13, defendants lack sufficient information to admit or deny plaintiffs' allegations and, accordingly, defendants deny all the allegations of this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).  Moreover, defendants object to these allegations as overbroad and not necessarily true with respect to all SBACs.

14.   Answering paragraph 14, defendants lack sufficient information to admit or deny plaintiffs' allegations and, accordingly, defendants deny all the allegations of this paragraph other than to the extent the paragraph states legal

-3-

conclusions (which defendants are not required to admit or deny).  Moreover, defendants object to these allegations as overbroad and not necessarily true with respect to all SBACs.

15.     Answering paragraph 15, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

16.     Answering paragraph 16, defendants deny plaintiffs' allegations.

17.     Answering paragraph 17, defendants state that plaintiffs' allegations are too vague to enable defendants to admit or deny them and therefore, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

18.     Answering paragraph 18, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

19.     Answering paragraph 19, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

20.     Answering paragraph 20, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

21.     Answering paragraph 21, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

22.     Answering paragraph 22, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

-4-

23.     Answering paragraph 23, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

24.     Answering paragraph 24, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

25.     Answering paragraph 25, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

26.     Answering paragraph 26, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

27.     Answering paragraph 27, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

28.     Answering paragraph 28, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

29.     Answering paragraph 29, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

30.     Answering paragraph 30, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

31.     Answering paragraph 31, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

-5-

32.     Answering paragraph 32, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

33.     Answering paragraph 33, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

34.     Answering paragraph 34, defendants admit plaintiffs' allegation that no SBAC at defendant Kaiser Foundation Health Plan, Inc. has been reclassified as non-exempt.  Defendants deny plaintiffs' remaining allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

35.     Answering paragraph 35, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

36.     Answering paragraph 36, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

37.     Answering paragraph 37, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

38.     Answering paragraph 38, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

39.     Answering paragraph 39, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

LA1 6766602.1

40.     Answering paragraph 40, defendants deny plaintiffs' allegation that they "maintain records from which the Court can ascertain and identify by job title each of DEFENDANTS' employees who [] have been systematically, intentionally and subjected to DEFENDANTS' corporate policy, practices and procedures as herein alleged."  Defendants lack sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, defendants deny all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

41.     Answering paragraph 41, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

42.     Answering paragraph 42, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

43.     Answering paragraph 43, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

44.     Answering paragraph 44, defendants deny plaintiffs' allegation that they "maintain records from which the Court can ascertain and identify by job title each of DEFENDANTS'[] employees who as CALIFORNIA CLASS and CALIFORNIA LABOR SUBCLASS members have been systematically, intentionally and uniformly misclassified as exempt as a matter of DEFENDANTS' corporate policy, practices and procedures."  Defendants lack sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, defendants deny all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

-7-

45.    Answering paragraph 45, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

46.    Answering paragraph 46, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

47.    Answering paragraph 47, defendants admit that persons with the job title SBAC are typically classified as exempt.  Defendants deny the remaining allegations in this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

48.    Answering paragraph 48, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

49.    Answering paragraph 49, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

50.    Answering paragraph 50, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

51.    Answering paragraph 51, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

52.    Answering paragraph 52, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny). Notwithstanding that, defendants admit that this Court has jurisdiction over plaintiffs' claims.

LA1 6766602.1

53.     Answering paragraph 53, defendants lack sufficient information to admit or deny plaintiffs' allegations and, accordingly, defendants deny all the allegations of this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

54.     Answering paragraph 54, defendants admit that they reside in this district.  Defendants deny plaintiffs' allegation that they committed any wrongful conduct against any purported class members in San Diego County, California.

55.     Answering paragraph 55, defendants incorporate their responses to paragraphs 1 through 54 of the Complaint.

56.     Answering paragraph 56, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

57.     Answering paragraph 57, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

58.     Answering paragraph 58, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

59.     Answering paragraph 59, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

60.     Answering paragraph 60, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

61.     Answering paragraph 61, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

62.     Answering paragraph 62, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

LA1 6766602.1

63.     Answering paragraph 63, defendants incorporate their responses to paragraphs 1 through 62 of the Complaint.

64.     Answering paragraph 64, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

65.     Answering paragraph 65, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

66.     Answering paragraph 66, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

67.     Answering paragraph 67, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

68.     Answering paragraph 68, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

69.     Answering paragraph 69, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

70.     Answering paragraph 70, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

71.     Answering paragraph 71, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

72.     Answering paragraph 72, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

73.     Answering paragraph 73, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

74.     Answering paragraph 74, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

-10-

75.     Answering paragraph 75, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

76.     Answering paragraph 76, defendants lack sufficient information to admit or deny plaintiffs' allegations and, accordingly, defendants deny all the allegations of this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

77.     Answering paragraph 77, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

78.     Answering paragraph 78, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

79.     Answering paragraph 79, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

80.     Answering paragraph 80, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

81.     Answering paragraph 81, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

82.     Answering paragraph 82, defendants incorporate their responses to paragraphs 1 through 81 of the Complaint.

83.     Answering paragraph 83, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

-11-

84.     Answering paragraph 84, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

85.     Answering paragraph 85, defendants lack sufficient information to admit or deny plaintiffs' allegations and, accordingly, defendants deny all the allegations of this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

86.     Answering paragraph 86, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

87.     Answering paragraph 87, defendants deny that they "have not tendered restitution of wages owed" to any purported class member.  Defendants lack sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, defendants deny all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

88.     Answering paragraph 88, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

89.     Answering paragraph 89, defendants incorporate their responses to paragraphs 1 through 88 of the Complaint.

90.     Answering paragraph 90, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

91.     Answering paragraph 91, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

92.     Answering paragraph 92, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

93.     Answering paragraph 93, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

-12-

94.     Answering paragraph 94, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

95.     Answering paragraph 95, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

96.     Answering paragraph 96, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

97.     Answering paragraph 97, defendants incorporate their responses to paragraphs 1 through 96 of the Complaint.

98.     Answering paragraph 98, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

99.     Answering paragraph 99, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny)

100.    Answering paragraph 100, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

101.    Answering paragraph 101, defendants incorporate their responses to paragraphs 1 through 100 of the Complaint.

102.    Answering paragraph 102, defendants admit plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

103.    Answering paragraph 103, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

-13-

104.   Answering paragraph 104, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

105.   Answering paragraph 105, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

106.   Answering paragraph 106, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

107.   Answering paragraph 107, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

108.   Answering paragraph 108, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

109.   Answering paragraph 109, defendants state that this paragraph contains only legal conclusions (which defendants are not required to admit or deny).

110.   Answering paragraph 110, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

111.   Answering paragraph 111, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

112.   Answering paragraph 112, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

-14-

113.   Answering paragraph 113, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

114.   Answering paragraph 114, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

115.   Answering paragraph 115, defendants deny plaintiffs' allegations.

116.   Answering paragraph 116, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

117.   Answering paragraph 117, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

118.   Answering paragraph 118, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

119.   Answering paragraph 119, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

120.   Answering paragraph 120, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

121.   Answering paragraph 121, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

122.   Answering paragraph 122, defendants incorporate their responses to paragraphs 1 through 121 of the Complaint.

-15-

123.   Answering paragraph 123, defendants admit that plaintiffs provided them with written notice on or about December 22, 2008 of the alleged Labor Code violations.  Defendants lack sufficient information to admit or deny plaintiffs' remaining allegations and, accordingly, defendants deny all the remaining allegations of this paragraph other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

124.   Answering paragraph 124, defendants deny plaintiffs' allegations other than to the extent the paragraph states legal conclusions (which defendants are not required to admit or deny).

125.   Defendants generally deny any allegation of plaintiffs' Complaint not specifically admitted above.

## DENIAL OF PRAYER FOR RELIEF

Defendants expressly deny that plaintiffs are entitled to any relief, including but not limited to the relief sought by plaintiffs in their Complaint.

## ADDITIONAL DEFENSES

In further answer to plaintiffs' Complaint, and as separate and distinct defenses to the purported causes of action set forth in the Complaint, defendants allege the following additional defenses.  In asserting these defenses, defendants do not assume the burden of proof as to matters that, pursuant to law, are plaintiffs' burden to prove.

## FIRST DEFENSE

1.   As to plaintiffs' Complaint, or any purported cause of action therein alleged, plaintiffs fail to state facts sufficient to constitute claims upon which relief can be granted against defendants.

## SECOND DEFENSE

2.   Plaintiffs' claims, in whole or in part, are barred by the applicable statutes of limitations, including but not limited to, California Code of Civil

-16-

1  Procedure sections 338, 339 and 340, California Business & Professions Code

2  section 17208 and 29 U.S.C. section 255(a).

**THIRD DEFENSE**

3.     Plaintiffs, by their conduct, are estopped to assert any cause of action against defendants.

**FOURTH DEFENSE**

4.     Plaintiffs' Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

**FIFTH DEFENSE**

5.     Plaintiffs' Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

**SIXTH DEFENSE**

6.     Plaintiffs have delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to defendants and, thus, plaintiffs' claims are barred by the equitable doctrine of laches.

**SEVENTH DEFENSE**

7.     Plaintiffs' Complaint is barred because defendants' failure to pay overtime was not unlawful, unfair or fraudulent.  At all times relevant and material herein, the parties to this action were exempt from the overtime compensation requirements of the California Labor Code and the Industrial Welfare Commission Wage Order because the putative class members were employed in an administrative, executive or professional capacity within the meaning of the applicable wage order.

**EIGHTH DEFENSE**

8.     Plaintiffs are not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, defendants did not willfully fail to comply with the compensation provisions of the

-17-

California Labor Code sections 200, et seq., but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code sections 200, et seq.

## NINTH DEFENSE

9.     Defendants cannot be held liable for any of the claims asserted in the Complaint to the extent they never employed plaintiffs nor any of the putative class members.

## TENTH DEFENSE

10.     Plaintiffs' claims for penalties and damages arising out of alleged meal period violations are barred because defendants provided the opportunity to plaintiffs to take timely meal breaks, and defendants are not liable for unpaid wages, damages or penalties, or otherwise responsible, when plaintiffs voluntarily elected not to use the meal period opportunities provided to them.

## ELEVENTH DEFENSE

11.     Plaintiffs' claims for penalties and damages arising out of alleged rest period violations are barred because defendants provided the opportunity to plaintiffs to take timely rest breaks, and defendants are not liable for unpaid wages, damages or penalties, or otherwise responsible, when plaintiffs voluntarily elected not to use the rest period opportunities provided to them.

## TWELFTH DEFENSE

12.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs are not entitled to any penalty award under section 226 of the California Labor Code since, at all times relevant and material herein, defendants did not knowingly and intentionally fail to comply with this code section, but rather acted in good faith and had reasonable grounds for believing that it did not violate the provisions of the California Labor Code or the applicable wage orders.

-18-

**THIRTEENTH DEFENSE**

13.     Plaintiffs' claims for injunctive relief are barred because plaintiffs have an adequate and complete remedy at law and/or plaintiffs cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code section 1138.1, et seq.

**FOURTEENTH DEFENSE**

14.     Plaintiffs are former employees and lack standing to seek injunctive relief, and civil penalties or damages under relevant portions of the California Labor Code, including but not limited to, section 558 and California Business and Professions Code section 17200, et seq. because, inter alia, plaintiffs have not suffered any injury in fact or lost money or property as a result of any unfair competition, and/or no penalties are available under the statutes plaintiffs sue upon and/or plaintiffs are no longer employed by defendants and have an adequate remedy at law.

**FIFTEENTH DEFENSE**

15.     Plaintiffs claim for penalties violate defendants' rights under the federal and state constitutions in that they amount to an excessive fine and their imposition would constitute a denial of due process.

**SIXTEENTH DEFENSE**

16.     Plaintiffs are not entitled to proceed as a class under the Unfair Competition Law, California Business & Professions Code section 17200, et seq., because they cannot satisfy the standing requirements of the statute that each putative class member experienced a loss of money or property as a result of an unlawful practice.

-19-

1

## SEVENTEENTH DEFENSE

2       17.     Plaintiffs' claims are barred, in whole or in part, to the extent that

3   they, or any putative class member, released such claims in another class

4   settlement.

5

## PRAYER

6       WHEREFORE, defendants pray for judgment as follows:

7       1.      That plaintiffs take nothing by their unverified Complaint;

8       2.      That plaintiffs' request for an order certifying a proposed class is

9   denied;

10      3.      That judgment be entered in favor of defendants and against plaintiffs

11  on all causes of action;

12      4.      That defendants be awarded reasonable attorneys' fees according to

13  proof;

14      5.      That defendants be awarded the costs of suit incurred herein; and

15      6.      That defendants be awarded such other and further relief as the Court

16  may deem appropriate.

17

18  DATED: February 23, 2009          SEYFARTH SHAW LLP

19

20                                    By /s/ Thomas R. Kaufman
                                         Thomas R. Kaufman
21                                    Attorneys for Defendants
                                      KAISER FOUNDATION HOSPITALS and
22                                    KAISER FOUNDATION HEALTH PLAN, INC.

23

24

25

26

27

28                                            -20-

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063.  On February 23, 2009, I served the within documents:

**Defendants' Answer to Plaintiffs' First Amended Class and Collective Action Complaint**

[X]  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

[X]  electronically by using the Court's ECF/CM System.

Norman B. Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
BLUMENTHAL, NORDREHAUG, BHOWMIK
2255 Calle Clara
La Jolla, California  92037

Walter Hines (Esq.)
UNITED EMPLOYEES LAW GROUP
65 Pine Avenue, Suite 312
Long Beach, California  90802

I am  familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 23, 2009, at Los Angeles, California.

/s/ Thomas R. Kaufman
Thomas R. Kaufman

-21-