UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE SMITH, TIM DODSON, MOLLA ENGER, as individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KAISER FOUNDATION HOSPITALS, INC., also d/b/a KAISER PERMANENTE INFORMATION TECHNOLOGY, a California Corporation; and, KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation, and Does 1 to 10,<br><br>Defendants. | **Case No.: 08-cv-02353-LAB-JMA**<br>(Class Action)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

On March 18, 2010, Plaintiffs' motion for preliminary approval of class settlement was granted by this Court based upon the report and recommendation of Magistrate Judge Adler. [Doc. No. 29.] Following preliminary approval, Notice of the proposed Settlement was provided in the manner described in paragraphs 13 and 14 of the Settlement Agreement.

///

1

(See Christman Decl. at ¶3 [Doc. No. 32].)  Plaintiffs now move for final approval of the Settlement in accordance with the Order Re: Preliminary Approval.

On Monday, November 1, 2010, the Court held a hearing concerning the final approval of the settlement, as scheduled in its order of March 18, 2010.  Due and adequate notice having been given to the Class as required in said order, there being no objections to the Settlement by any class member, and the Court having considered all papers filed and proceedings conducted in this action and otherwise being fully informed and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**Legal Standard:**

1. Under Rule 23(e), the Court may approve a class settlement only upon finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a proposed settlement meets these standards, the Court must evaluate a number of factors, including:

> (1) the strength of the plaintiffs' case;
>
> (2) the risk, expense, complexity, and likely duration of further litigation;
>
> (3) the risk of maintaining class action status throughout the trial;
>
> (4) the amount offered in settlement;
>
> (5) the extent of discovery completed and the stage of the proceedings;
>
> (6) the experience and views of counsel;
>
> (7) the presence of a governmental participant; and
>
> (8) the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citations omitted); see also *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  These factors are not exclusive, and in some circumstances, one factor may deserve more weight than others or alone may even prove to be determinative. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525-26 (C.D. Cal. 2004). In addition, the settlement may not be the product of collusion

among the negotiating parties. *Ficalora v. Lockheed California Co.*, 751 F.2d 995, 997 (9th Cir. 1985); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

**Analysis:**

At the hearing on November 1, the Court discussed all these factors and for reasons stated at the hearing determined the proposed settlement was fair and appropriate, and should be approved.

2. The parties have agreed to and the Court certifies the following classes for the purpose of settlement:

> All individuals employed by Kaiser Foundation Hospitals and/or Kaiser Foundation Health Plan, Inc. as a Business Application Coordinator II and/or a Senior Business Application Coordinator for the time period December 18, 2004 through July 16, 2009.
>
> All individuals employed by Kaiser Foundation Hospitals and/or Kaiser Foundation Health Plan, Inc. as an Analyst or Senior Analyst on KP HealthConnect for the time period July 30, 2005 through August 1, 2009.

3. Excluded from the settlement are those persons who have submitted valid and timely requests for exclusion. The following five (5) persons opted out from the Settlement and are excluded: (i) Freddie H. Roye, (ii) Michael C. Freidrich, (iii) Stephen R. Gregory, (iv) Jana K. Mundall, and (v) Josephine C. Malinao. Every person in the Settlement Class who did not opt out is a Settlement Class Member.

4. With respect to the Settlement Class Members, the Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class Members that predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class Members; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Report and Recommendation of Magistrate Judge Jan Adler (the "R&R") previously found that these requirements were satisfied [Doc. No. 27], and the Court adopted these findings [Doc. No. 29].

1    5.    This action is hereby **DISMISSED WITH PREJUDICE** as to Plaintiffs and all Settlement Class Members. The Settlement Class has released Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc., and any parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors and attorneys thereof, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action contingent or accrued for, or which relate to the factual allegations and claims asserted in the Lawsuit, including without limitation to, claims under the FLSA, the California Labor Code or Business & Professions Code (including section 17200), claims for restitution and other equitable relief, liquidated damages, punitive damages, waiting time penalties, PAGA penalties, penalties of any nature whatsoever, or any other benefit claimed on account of the allegations asserted in the Lawsuit, in accordance with paragraph 19 of the Settlement Agreement.

6.    The Court finds that the Notice provided to the Settlement Class Members was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, and that the Notice fully satisfies the requirements of the Federal Rules of Civil Procedure, rule 23, due process and any other applicable laws.  Magistrate Adler previously found that "the content and method of notice is the best notice that is practicable under the circumstances".  (R&R at page 18 [Doc. No. 27].)

**IT IS SO ORDERED.**

DATED:  November 5, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

4